IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AARON TIPTON, | Civil Action |
| Plaintiff, | No. 2:24-cv-00156 |
| v. | |
| ALLEGHENY COUNTY, et al., | |
| Defendants. | |

## ANSWER TO AMENDED COMPLAINT

AND NOW COMES Defendant Jon D'Angelo capacity by and through his counsel Dennis Biondo Jr., Assistant Allegheny County Solicitor and files this Answer to Amended Complaint:

### JURISDICTION AND VENUE

1. The averments contained in this paragraph state conclusions of law to which no response is required. To the extent a response is required, these Defendants do not dispute jurisdiction.

2. The averments contained in this paragraph state conclusions of law to which no response is required. To the extent a response is required, these Defendants do not dispute jurisdiction.

3. The averments contained in this paragraph state conclusions of law to which no response is required. To the extent a response is required, these Defendants do not dispute jurisdiction.

4. The averments contained in this paragraph state conclusions of law to which no response is required. To the extent a response is required, these Defendants do not dispute jurisdiction.

## PARTIES

5. The averments contained in this paragraph relate to Plaintiff and no response is required.

6. The averments contained in this paragraph relate to another party and no response is required.

7. The averments contained in this paragraph relate to another party and no response is required.

8. The averments contained in this paragraph relate to another party and no response is required.

9. The averments contained in this paragraph relate to another party and no response is required.

10. The averments contained in this paragraph relate to another party and no response is required.

11. The averments contained in this paragraph relate to another party and no response is required.

12. The averments contained in this paragraph relate to another party and no response is required.

13. The averments contained in this paragraph relate to another party and no response is required.

14. Admitted.

15. The averments contained in this paragraph relate to another party and no response is required.

16. The averments contained in this paragraph relate to another party and no response is required.

17. The averments contained in this paragraph relate to another party and no response is required.

## FACTUAL ALLEGATIONS

18. After a reasonable investigation, this defendant is without sufficient information or knowledge to formulate a belief as to truth of the averment set forth in paragraph 18. Therefore, said averment is denied.

19. this defendant is without sufficient information or knowledge to formulate a belief as to truth of the averment set forth in paragraph 19. Therefore, said averment is denied.

20. this defendant is without sufficient information or knowledge to formulate a belief as to truth of the averment set forth in paragraph 20. Therefore, said averment is denied.

21. this defendant is without sufficient information or knowledge to formulate a belief as to truth of the averment set forth in paragraph 21. Therefore, said averment is denied.

22. this defendant is without sufficient information or knowledge to formulate a belief as to truth of the averment set forth in paragraph 22. Therefore, said averment is denied.

23. this defendant is without sufficient information or knowledge to formulate a belief as to truth of the averment set forth in paragraph 23. Therefore, said averment is denied.

24. this defendant is without sufficient information or knowledge to formulate a belief as to truth of the averment set forth in paragraph 24. Therefore, said averment is denied.

25. this defendant is without sufficient information or knowledge to formulate a belief as to truth of the averment set forth in paragraph 25. Therefore, said averment is denied.

26. this defendant is without sufficient information or knowledge to formulate a belief as to truth of the averment set forth in paragraph 26. Therefore, said averment is denied.

27 this defendant is without sufficient information or knowledge to formulate a belief as to truth of the averment set forth in paragraph 27. Therefore, said averment is denied.

28. this defendant is without sufficient information or knowledge to formulate a belief as to truth of the averment set forth in paragraph 28. Therefore, said averment is denied

29. this defendant is without sufficient information or knowledge to formulate a belief as to truth of the averment set forth in paragraph 29. Therefore, said averment is denied.

30. this defendant is without sufficient information or knowledge to formulate a belief as to truth of the averment set forth in paragraph 30. Therefore, said averment is denied.

31. this defendant is without sufficient information or knowledge to formulate a belief as to truth of the averment set forth in paragraph 31. Therefore, said averment is denied.

32. this defendant is without sufficient information or knowledge to formulate a belief as to truth of the averment set forth in paragraph 32. Therefore, said averment is denied.

33. this defendant is without sufficient information or knowledge to formulate a belief as to truth of the averment set forth in paragraph 33. Therefore, said averment is denied.

34. this defendant is without sufficient information or knowledge to formulate a belief as to truth of the averment set forth in paragraph 34. Therefore, said averment is denied.

35. this defendant is without sufficient information or knowledge to formulate a belief as to truth of the averment set forth in paragraph 35. Therefore, said averment is denied.

36. this defendant is without sufficient information or knowledge to formulate a belief as to truth of the averment set forth in paragraph 36. Therefore, said averment is denied.

37. this defendant is without sufficient information or knowledge to formulate a belief as to truth of the averment set forth in paragraph 37. Therefore, said averment is denied.

38. this defendant is without sufficient information or knowledge to formulate a belief as to truth of the averment set forth in paragraph 38. Therefore, said averment is denied.

39. The averments in paragraph 39 contain legal conclusions to which no response is required. To the extend a response is required, the averments contained in this paragraph are denied.

40. D'Angelo admits that he was involved in the strip search of Plaintiff on September 16, 2022.

41. The averments in paragraph 41 contain legal conclusions to which no response is required. To the extend a response is required, the averments contained in this paragraph are denied.

42. The averments in paragraph 42 contain legal conclusions to which no response is required. To the extend a response is required, the averments contained in this paragraph are denied.

43. The averments contained in paragraph 43 are denied.

44. The averments contained in paragraph 44 are denied.

45. The averments in paragraph 45 contain legal conclusions to which no response is required. To the extend a response is required, the averments contained in this paragraph are denied.

46. The averments in paragraph 46 contain legal conclusions to which no response is required. To the extend a response is required, the averments contained in this paragraph are denied.

47. The averments in paragraph 47 contain legal conclusions to which no response is required. To the extend a response is required, the averments contained in this paragraph are denied.

48. The averments in paragraph 48 contain legal conclusions to which no response is required. To the extend a response is required, the averments contained in this paragraph are denied.

49. The averments in paragraph 49 contain legal conclusions to which no response is required. To the extend a response is required, the averments contained in this paragraph are denied.

50. The averments in paragraph 50 contain legal conclusions to which no response is required. To the extend a response is required, the averments contained in this paragraph are denied.

51.- 53. The averments contained in Paragraphs 51-53 relate to Plaintiff's diagnosis to which this Defendant does not have knowledge. To the extent a response is required, the averments contained in these paragraphs are denied.

54.-57 The averments contained in Paragraphs 54-57 are not directed at this defendant and therefore no response by this defendant is required. To the extent a response is required, the averments contained in these paragraphs are denied.

58. After a reasonable investigation, this defendant is without sufficient information or knowledge to formulate a belief as to truth of the averment set forth in paragraph 58. Therefore, said averment is denied.

59.-61. The averments contained in Paragraphs 59-61 are not directed at this defendant and therefore no response by this defendant is required. To the extent a response is required, the averments contained in these paragraphs are denied.

62. The averments in paragraph 62 contain legal conclusions to which no response is required. To the extend a response is required, the averments contained in this paragraph are denied.

63.-65. The averments contained in Paragraphs 63-65 are not directed at this defendant and therefore no response by this defendant is required. To the extent a response is required, the averments contained in these paragraphs are denied.

66. The averments contained in this paragraph are denied.

67. The averments contained in this paragraph are denied.

68. To the extent the averments contained in paragraph 68 are directed at this defendant, the averments contained in this paragraph are denied.

69. The averments contained in paragraph 69 are denied.

70. To the extent the averments contained in paragraph 70 are directed at this defendant, the averments contained in this paragraph are denied.

71. To the extent the averments contained in paragraph 71 are directed at this defendant, the averments contained in this paragraph are denied.

72. To the extent the averments contained in paragraph 72 are directed at this defendant, the averments contained in this paragraph are denied.

73. To the extent the averments contained in paragraph 73 are directed at this defendant, the averments contained in this paragraph are denied.

74.-77. The averments contained in Paragraphs 74-77 are not directed at this defendant and therefore no response by this defendant is required. To the extent a response is required, the averments contained in these paragraphs are denied.

78. To the extent the averments contained in paragraph 78 are directed at this defendant, the averments contained in this paragraph are denied.

79. To the extent the averments contained in paragraph 79 are directed at this defendant, the averments contained in this paragraph are denied.

COUNT I:

PLAINTIFF
v.
DEFENDANTS COUNTY, HARPER, BRINKMAN, MADDEN, SCHULTZ, STANTON, SIMMS, and DOE

VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS, SPECIFICALLY, 42 U.S.C. 1983 AND THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION

FAILURE TO PROVIDE ADEQUATE MEDICAL CARE

COUNT II

PLAINTIFF
v.
DEFENDANTS COUNTY, HARPER, BRINKMAN, MADDEN, SCHULTZ, STANTON, SIMMS, and DOE

VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C.S. 12131 AND THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION

<u>FAILURE TO ACCOMMODATE</u>

80-100. Counts I and II, encompassing paragraphs 80-100 are directed at other parties and therefore no response is required. To the extent a response is required the averments contained in each paragraph and subparagraph are denied.

COUNT III:

PLAINTIFF v. DEFENDANTS D'ANGELO, TURNER, AND DOE(S) 2

VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS, SPECIFICALLY, 42 U.S.C. 1983 AND THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION

<u>EXCESSIVE FORCE</u>

101. This paragraph is an incorporation paragraph to which no response is required.

102. The averments in this paragraph contain legal conclusions to which no response is required. To the extend a response is required, the averments contained in this paragraph are denied.

103. The averments in this paragraph contain legal conclusions to which no response is required. To the extend a response is required, the averments contained in this paragraph are denied.

104. The averments in this paragraph contain legal conclusions to which no response is required. To the extend a response is required, the averments contained in this paragraph are denied.

105. The averments in this paragraph contain legal conclusions to which no response is required. To the extend a response is required, the averments contained in this paragraph are denied.

106. The averments in this paragraph contain legal conclusions to which no response is required. To the extend a response is required, the averments contained in this paragraph are denied.

107. The averments in this paragraph contain legal conclusions to which no response is required. To the extend a response is required, the averments contained in this paragraph are denied.

108. The averments in this paragraph contain legal conclusions to which no response is required. To the extend a response is required, the averments contained in this paragraph are denied.

109. The averments in this paragraph contain legal conclusions to which no response is required. To the extend a response is required, the averments contained in this paragraph are denied.

110. The averments in this paragraph contain legal conclusions to which no response is required. To the extend a response is required, the averments contained in this paragraph are denied.

111. The averments in this paragraph and its subparagraphs contain legal conclusions to which no response is required. To the extend a response is required, the averments contained in this paragraph are denied.

## COUNT IV

### PLAINTIFF v. DEFENDANTS SARVER, D'ANGELO, and TURNER

### VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS, SPECIFICALLY, 42 U.S.C. 1983 AND THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION

### RETALIATION

112. This paragraph is an incorporation paragraph to which no response is required.

113. The averments in this paragraph contain legal conclusions to which no response is required. To the extend a response is required, the averments contained in this paragraph are denied.

114. The averments in this paragraph contain legal conclusions to which no response is required. To the extend a response is required, the averments contained in this paragraph are admitted. This defendant specifically that any of the alleged retaliation took place.

115. The averments in this paragraph contain legal conclusions to which no response is required. To the extend a response is required, the averments contained in this paragraph are denied.

116. The averments in this paragraph contain legal conclusions to which no response is required. To the extend a response is required, the averments contained in this paragraph are denied.

117. The averments in this paragraph contain legal conclusions to which no response is required. To the extend a response is required, the averments contained in this paragraph are denied.

118. The averments in this paragraph contain legal conclusions to which no response is required. To the extend a response is required, the averments contained in this paragraph are denied.

119. The averments in this paragraph contain legal conclusions to which no response is required. To the extend a response is required, the averments contained in this paragraph are denied.

120. The averments in this paragraph contain legal conclusions to which no response is required. To the extend a response is required, the averments contained in this paragraph are denied.

121. The averments in this paragraph and its subparagraphs contain legal conclusions to which no response is required. To the extend a response is required, the averments contained in this paragraph are denied.

## COUNT V:
## PLAINTIFF v. DEFENDANTS SARVER

VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS, SPECIFICALLY, 42 U.S.C. 1983 AND THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION

<u>UNLAWFUL SEARCH</u>

122-128. Count V, encompassing paragraphs 122-128 are directed at another party and therefore no response is required. To the extent a response is required the averments contained in each paragraph and subparagraph are denied.

## COUNT VI:

## PLAINTIFF v. DEFENDANTS D'ANGELO, TURNER, SARVER AND DOE(S) 2

## VIOLATION OF PLAINTIFF'S RIGHTS, UNDER PENNSYLVANIA COMMON LAW

## ASSAULT AND BATTERY

129. This paragraph is an incorporation paragraph to which no response is required.

130. The averments in this paragraph contain legal conclusions to which no response is required. To the extend a response is required, the averments contained in this paragraph are denied.

131. The averments in this paragraph contain legal conclusions to which no response is required. To the extend a response is required, the averments contained in this paragraph are denied.

132. The averments in this paragraph contain legal conclusions to which no response is required. To the extend a response is required, the averments contained in this paragraph are denied.

133. The averments in this paragraph contain legal conclusions to which no response is required. To the extend a response is required, the averments contained in this paragraph are denied.

134. The averments in this paragraph contain legal conclusions to which no response is required. To the extend a response is required, the averments contained in this paragraph are denied.

135. The averments in this paragraph and its subparagraphs contain legal conclusions to which no response is required. To the extend a response is required, the averments contained in this paragraph are denied.

**WHEREFORE,** Jon D'Angelo demands judgment in his favor against Plaintiff. Mr. D'Angelo also demands all attorneys' fees and all costs incurred by him in defending this suit.

## ADDITIONAL SPECIFIC DENIAL OF FACTUAL ALLEGATIONS

188.   Defendants incorporate all foregoing paragraphs of this Answer as though set forth completely herein.

189.   To the extent not already done so, Defendant D'Angelo specifically denies that he was providing any false information to the police related to this incident.

190.   Defendant D'Angelo specifically deny each and every allegation, express or implied, in Complaint Paragraphs 1-187 that the Defendants have not otherwise specifically admitted.

## AFFIRMATIVE DEFENSES

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff has failed to state a claim against this defendant upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

This defendant was not engaged in any activity violative of Plaintiff's constitutional rights.

**THIRD AFFRIMATIVE DEFENSE**

Mr. D'Angelo's actions were at all times in compliance with the laws of United States and Commonwealth of Pennsylvania.

**FOURTH AFFIRMATIVE DEFENSE**

Mr. D'Angelo is entitled to qualified immunity from claims made by Plaintiff.

**FIFTH AFFIRMATIVE DEFENSE**

Mr. D'Angelo was at all times acting under the good faith belief that all of his actions were lawful and justified.

**SIXTH AFFIRMATIVE DEENSE**

Mr. D'Angelo asserts all defenses available to him under Pennsylvania's Political Subdivision Tort Claims Act.

**SEVENTH AFFIRMATIVE DEFENSE**

Mr. D'Angelo asserts all other immunities from suit available to him under Federal and Pennsylvania law.

**EIGHTH AFFIRMATIVE DEFENSE**

Mr. D'Angelo asserts all other defenses available to him under the Civil Rights Act of 1870.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff failed to mitigate damages.

**TENTH AFFIRMATIVE DEFENSE**

Mr. D'Angelo reserves the right to assert additional affirmative defenses as they become known and available to him.

**WHEREFORE**, Defendant D'Angelo demands judgment in his favor against Plaintiff. D'Angelo also demands all attorneys' fees and all costs incurred by him in defending this suit.

**JURY TRIAL DEMANDED**

                                        Respectfully submitted,

                                        ***/s/ Dennis Biondo, Jr.***
                                        Dennis Biondo, Jr.
                                        Assistant County Solicitor
                                        Pa. I.D. #307908

                                        ALLEGHENY COUNTY LAW DEPARTMENT
                                        300 Fort Pitt Commons Building
                                        445 Fort Pitt Boulevard
                                        Pittsburgh, PA 15219
                                        (412) 350-1053

Dated:  <u>January 24, 2025</u>

## **CERTIFICATE OF SERVICE**

I, Dennis Biondo, Jr., Assistant County Solicitor, do hereby certify that a true and correct copy of the MOTION TO DISMISS, and PROPOSED ORDER were served by electronic filing upon all counsel of record:

/s/ *Dennis Biondo Jr.*
Dennis Biondo, Jr.
Assistant County Solicitor

Date: January 24, 2025